## DISSENTING OPINION

FILED

November 3, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

I dissent from the majority's finding that the evidence was sufficient to sustain the conviction of felony murder. Otherwise, I concur with the majority's decision.

The defendant was indicted and convicted for unlawfully and recklessly killing Benjamin Smith during the perpetration of especially aggravated robbery. In my opinion, the State has failed to prove beyond a reasonable doubt that the victim was killed during the perpetration of this felony. I believe that the record supports convictions for the crimes of second degree murder and theft.

The case of State v. Dunn, (No. 03S01-9211-CR-00104, S.Ct. 1993) which is relied upon by the defendant and discussed in the majority opinion, offers rationale which is instructive in this case. In Dunn, there was circumstantial evidence of sexual activity with the decedent, but the Court held that the evidence was not sufficient to establish that the victim was raped before her death. Thus, the Supreme Court dismissed the felony murder conviction. Similarly, in the case at bar, it was necessary that the State establish the killing was done in pursuance of the felony and not merely collateral to it. The evidence does not support the conclusion that the defendant killed the victim while robbing him.

According to the majority, the following evidence supports the felony murder conviction. The victim and the defendant left the Mouse's Ear and drove around. The victim withdrew $200.00 from the ATM machine which the defendant later stole. The defendant shot the victim in the head with a pistol which she had in her possession prior to the homicide. The homicide occurred in a remote location in McMinn County which is where the defendant lived. The pants pockets of the victim were turned out and a few coins were found near his body. His wallet and checkbook were taken. The victim's pickup truck was later found at a motel parking lot and the keys to his vehicle were located at the Mouse's Ear. The defendant denied any knowledge of the victim's death. I do not agree with the majority that the elements of especially aggravated robbery are established by these facts.

The State's strongest evidence of the crime is the pretrial statement of the defendant. The majority correctly states that a jury is entitled to accept part of a defendants pretrial statement and disregard that which it does not believe. Unquestionably, the pretrial statement of the defendant contains admissions of

homicide and theft. However, I find no admission of robbery. Relevant parts of the defendant's statement are summarized as follows. After leaving the Mouse's Ear, the defendant and the victim drove around in his truck and later in her truck. The victim talked to her about having sex with him and obtained money from the ATM machine. The victim told her to drive to her house in McMinn County. She told him that she did not have a boyfriend but lived alone. He touched her and rubbed her legs and breasts and told her she looked good. After arriving in McMinn County, the defendant told the victim she had a live-in boyfriend, and he got mad. The victim told her to pull over to the side of the road which she did. They then went into the woods at which point the defendant killed him. She left but came back and took his wallet and checkbook. The money the victim obtained from the ATM had been left in her truck.

Other facts cast doubt upon the state's theory. The defendant suggests in her statement that she and the victim were in this remote area in McMinn County because of the victim's desire to have sex with her and not because of her desire to rob him. The nature of the defendant's occupation, the time and place at which the defendant and the victim became acquainted, and the victim's affinity for nude bars gives credibility to the defendant's story that sex was the reason they went to this remote area. These same circumstances also suggest that if it was the defendant's intent to take the victim's money, that she could have accomplished this result by means short of a homicide.

There is one final reason which supports my conclusion that the felony murder conviction should be dismissed.

The jury verdicts in this case were inconsistent. In Count 2, the jury found the defendant guilty of first degree murder during the perpetration of especially aggravated robbery. In Count 3 of the indictment, the defendant was indicted for especially aggravated robbery; however, the jury found the defendant guilty of the lesser included offense of theft under $500.00, a misdemeanor. The verdict in Count 3 suggests that the jury believed the defendant's statement that she did not kill the victim for the money and that the theft took place after the murder.

In summary, I do not believe that there is sufficient evidence upon which to base a felony murder conviction.

_____
WILLIAM B. ACREE, JR., SPECIAL JUDGE